UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LORRAINE H.,

        Plaintiff,

    -v-                        5:21-CV-437

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

OLINSKY LAW GROUP           HOWARD D. OLINSKY, ESQ.
Attorneys for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, NY 13202

SOCIAL SECURITY             RONALD W. MAKAWA, ESQ.
   ADMINISTRATION           MICHAEL L. HENRY, ESQ.
Attorneys for Defendant        Ass't United States Attorneys
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

DAVID N. HURD
United States District Judge

## **ORDER ON MOTION FOR ATTORNEY'S FEES**

On April 16, 2021, plaintiff Lorraine H.[1] ("plaintiff") filed this action seeking review of a final decision by defendant Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Dkt. No. 1.

After plaintiff filed her opening brief, Dkt. No. 18, the Commissioner agreed to remand the matter for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g), Dkt. No. 19. U.S. Magistrate Judge Andrew T. Baxter "so ordered" the stipulation on April 14, 2022, Dkt. No. 20, and a judgment in plaintiff's favor was entered later that day, Dkt. No. 21.

On July 7, 2022, plaintiff moved for an award of attorney's fees as a "prevailing party" under the Equal Access to Justice Act ("EAJA"), which shifts litigation fees to a government defendant when certain conditions are met. Dkt. No. 22. Although the deadline in which to do so expired on July 28, 2022, the Commissioner has failed to oppose or otherwise respond to plaintiff's request for fees. *See id*.

Upon review of the submissions, and in the absence of an opposition or other guidance from the Commissioner, plaintiff's fee application appears to

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only claimant's first name and last initial will be mentioned in this opinion.

be reasonable and appropriate when measured against the governing law.  Accordingly, plaintiff's motion will be granted.  *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (explaining that only a sentence four remand amounts to the kind of "final judgment" that permits the shifting of fees under the EAJA).

Therefore, it is

ORDERED that

1. Plaintiff's motion for attorney's fees is GRANTED;

2. Plaintiff is awarded a fee in the amount of $6,338.95; and

3. If plaintiff does not owe a debt subject to offset under the Treasury Offset Program, the funds shall be made payable to plaintiff's attorney of record.

IT IS SO ORDERED.

Dated:  August 1, 2022
         Utica, New York.

David N. Hurd
U.S. District Judge