UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LORRAINE H.,

              Plaintiff,

            -v-                5:21-CV-437

COMMISSIONER OF
SOCIAL SECURITY,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                   OF COUNSEL:

OLINSKY LAW GROUP       HOWARD D. OLINSKY, ESQ.
Attorneys for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, NY 13202

SOCIAL SECURITY          GEOFFREY M. PETERS, ESQ.
   ADMINISTRATION        Special Ass't U.S. Attorney
Attorneys for Defendant
6401 Security Boulevard
Baltimore, MD 21235

DAVID N. HURD
United States District Judge

## ORDER ON MOTION FOR ATTORNEY'S FEES

On April 16, 2021, plaintiff Lorraine H.[1] ("plaintiff") filed this action seeking review of the final decision of defendant Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Dkt. No. 1.

After plaintiff filed her opening brief, Dkt. No. 18, the parties stipulated to a remand for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g), Dkt. No. 19. U.S. Magistrate Judge Andrew T. Baxter "so ordered" the stipulation on April 14, 2022, Dkt. No. 20, and a judgment in plaintiff's favor was entered later that day, Dkt. No. 21.

On July 7, 2022, plaintiff moved for an award of attorney's fees as a "prevailing party" under the Equal Access to Justice Act ("EAJA"), which shifts litigation fees to a government defendant when certain conditions are met. Dkt. No. 22. That motion, which was unopposed by the Commissioner, was granted by this Court on August 1, 2022, Dkt. No. 23, and a judgment in the amount of $6,338.95 was entered that day, Dkt. No. 24. Following this remand, plaintiff was administratively awarded benefits on behalf of herself and her two minor children, Dkt. 25-1 ¶ 4.

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only claimant's first name and last initial will be mentioned in this opinion.

On May 7, 2024, plaintiff moved for a further award of attorney's fees under 42 U.S.C. § 406(b), which authorizes a court to grant a "reasonable" fee in a successful Social Security action.[2]  Dkt. 25.  The Commissioner has responded.[3]  Dkt. No. 27.  The motion will be considered on the basis of the submissions without oral argument.

Originally passed in 1965, the effect of § 406(b) is threefold: "it fixes a maximum percentage for contingent fees of twenty-five percent; it permits recovery of such fees only out of past due benefits, and it requires court approval for whatever amount of fees should be paid."  *Fields v. Kijakazi*, 24 F.4th 845, 852 (2d Cir. 2022) (cleaned up).

The "court approval" contemplated by § 406(b) is "reasonableness" review, which includes consideration of factors such as: (1) whether the percentage is within the 25% cap; (2) whether there has been fraud or overreaching; (3) whether the requested amount is a windfall to the claimant's attorney; (4) the character and results of the representation; (5) the amount of time spent on the case; (6) whether the attorney is responsible for any delay; and

---

[2]  Congress has authorized fee awards under both the EAJA (payable by the Government) and under § 406(b) (payable out of a claimant's past-due benefits).  However, when an attorney seeks fees under both provisions, the EAJA award is treated as an offset: the claimant's attorney must refund to the claimant the amount of the smaller fee.

[3]  The Commissioner has no direct financial stake in the outcome.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (explaining that Commissioner "plays a part in the fee determination resembling that of a trustee for the claimants").  Even so, Social Security can be a convoluted area of law, so the Court thanks the Commissioner for his input.

(7) the normal charge for non-contingent-fee cases. *BillyJo M. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 309, 311 (W.D.N.Y. 2021) (cleaned up) (collecting cases); *see also Fields*, 24 F.4th at 854.

Upon review of the submissions in light of the governing law, plaintiff's request for a § 406(b) fee will be granted. Counsel acted diligently to achieve a favorable result for their client. This case required agency proceedings, at least partial briefing in federal court, and then some more proceedings on remand. The requested *de facto* hourly rate amounts to $946.25, which is a middling hourly rate in this nuanced area of law. *Fields*, 24 F.4th at 856 & n.10 (approving *de facto* rate of $1,556.98 and collecting cases assessing a range of hourly rates as high as $2,100). The requested fee does not exceed twenty-five percent of the past-due benefits. And there is no indication that it would amount to a "windfall." Accordingly, the fee is "reasonable."

Therefore, it is

ORDERED that

1. Plaintiff's motion for attorney's fees is GRANTED;

2. A fee in the amount of $25,207.50 is AUTHORIZED to be paid from the claimant's past-due benefits; and

3. Plaintiff's attorneys must surrender to plaintiff any fee previously received under the EAJA, which as noted amounted to $6,338.95.

IT IS SO ORDERED.

Dated:  May 21, 2024
        Utica, New York.

David N. Hurd
U.S. District Judge